Stimmel *vs.* Underwood.—1831.

JOHN B. STIMMEL *vs.* JOHN UNDERWOOD.—*Dec.* 1831.

The current of decision in modern times, both in *England* and the *United States,* has set against all objection to the admissibility of a witness, unless his interest be a legal interest.   There is no other safe standard of exclusion than a legal interest.

It is no objection to the competency of a witness, that he had been heard to say some months before the trial, he felt himself bound to pay the plaintiff the amount of the controversy, if the plaintiff did not recover, the witness having been since released by the plaintiff.

A mistaken belief, or an honorary obligation, on the part of a witness, that he is bound, or ought to pay the plaintiff's claim, in case he should not recover in the action, does not render the witness incompetent.

Evidence of unsworn declarations of a witness is inadmissible to impeach his competency.

The undertaking of a security for costs upon the record may be stricken out, and a new and sufficient security, in the discretion of the court, substituted, to make the first security a witness for the plaintiff.

PER FREDERICK COUNTY COURT.

APPEAL from *Frederick* County Court.

This was an action of *Assumpsit,* commenced on the 1st August, 1826, by the appellee, against the appellant, on a promissory note payable at four months from the 25th of September, 1815, of which the appellant was the maker, endorsed by one *Philip Buzzard* to *J. R. Buzzard,* and by him to the plaintiff.   The defendant pleaded *non-assumpsit* and limitations, to which there were issues.

1. At the trial the plaintiff produced the note with the endorsements thereon, and offered to prove the execution of the same and the endorsements, by *John R. Buzzard,* one of the endorsers. Upon an objection to his competency, on the ground of interest, the plaintiff produced a release, executed by him to the witness, dated on the 26th of October, 1827, and offered to prove by *L. P. W. Balch,* the subscribing witness thereto, that it was executed by the plaintiff, on the day of its date, and delivered to the witness on the 12th day of March, 1828, by the said *Balch;* but the defendant objected to the competency of *Balch* to testify in the cause, because of his being security for the costs in the action. The plaintiff then, against the consent of the defendant, moved to strike out the name of said *Balch,* as security for the costs, and to substitute other sufficient security in his place, which, by permission of the court was accordingly done, and the said *Balch* was then adjudged by the County Court to be a competent witness. The defendant excepted.

2. After the testimony offered in the first bill of exceptions, which is to be taken as a part of this, had been given, the defendant proved by a competent witness, that in the early part of November, 1827, he heard *John R. Buzzard* (the witness produced and sworn by the plaintiff,) say, that he had said, that he, the witness, felt himself bound to pay the plaintiff the amount of the claim in controversy, if the plantiff did not recover the same in this action; and that *Buzzard* also said, he then felt himself bound to pay the same, provided the plaintiff did not recover it from the defendant. The plaintiff then proved by said *Balch,* that he had not given any notice to *Buzzard* of the execution of the release, until the 12th of March, 1828; that no person was present at the time of its execution but him *(Balch)* and the plaintiff, and that the release has ever since been in his *(Balch's)* possession. The defendant thereupon objected to the competency of *Buzzard* as a witness for the plaintiff; but the court overruled the

objection, and permitted his testimory to go to the jury. The defendant excepted, and the verdict and judgment being against him he appealed to this court.

The cause was argued before STEPHEN, ARCHER, and DORSEY, J.

*F. A. Schley,* for the appellant, abandoned the first exception.

Upon the 2d exception he contended, that the release to *Buzzard* could have no influence upon the question to be decided. 2 *Stark. Ev.* 299, 300. *Dickinson vs. Prentice,* 4 *Esp. Cases,* 32. The only question is, whether the declarations of the witness, that he felt himself bound to pay the amount of the note, if the plaintiff failed to recover it from the drawer, disqualified him.

To show that an honorary obligation will disqualify, he cited—*Peak's Ev.* 165, (*old ed.*) *Innis vs. Miller,* 2 *Dallas,* 50. *Fotheringham vs. Greenwood,* 1 *Strange,* 129. *Trustees of Lan. vs. Willard,* 8 *Johns.* 428. *Trelawney vs. Thomas,* 1 *Hen. Blk.* 306. *Pederson vs. Stoffles,* 1 *Camp.* 145. *Richardson's Ex. vs. Hunt,* 2 *Mumf.* 148. *Skillingler vs. Belt,* 1 *Connt.* 147.

*Palmer* for the appellee.

An honorary obligation which cannot be enforced at law is not an objection to the competency of a witness; neither is it an objection to the competency of a witness, that he believes himself interested in the event of the suit, when in fact he is not so. Since the case of *Bent vs. Baker,* 3 *Term.* 27, it has been considered as settled law in *Westminster Hall,* that to render a witness incompetent, on the score of interest, he must have some legal, fixed, certain and immediate interest in the result of the cause, or in the record as an instrument of evidence. The common law recognises but one description of interest, that is, an inte-

rest in the event of the suit. An interest in the question merely, is not in legal estimation, *an interest.* It is a bias affecting his credit, but not his competency. A bias without a legal, fixed interest, will in no case render a witness incompetent; if it would, the rules of evidence would be rendered too uncertain for practice, and too limited for the investigation of truth. If a bias without interest would render a witness incompetent, heirs apparent would be rendered incompetent to give testimony for their ancestors. No one will doubt their competency; yet, it would be difficult to imagine a stronger case of bias. The only English cases relied upon to prove the converse of this position, are, *Fotheringham vs. Greenwood,* 1 *Strange,* 129. *Trelawney vs. Thomas,* 1 *Hen. Black.* 307. *Rudd's Case, Leach. C. C.* 154. It is difficult to perceive on what principle the case of *Fotheringham vs. Greenwood* could be supported. The other cases referred to are based upon that case. The law of evidence has been maturely considered, and has undergone material changes as regards the competency of witnesses, since the time the cases referred to were decided, and the rule now is, that nothing creates incompetency but actual interest in the cause in which the witness is to be sworn. In the case of *Pederson vs. Stoffles,* 1 *Camp.* 144, it is decided, that an honorary obligation which will be affected by the event of the cause, is not an objection to the competency of a witness. The principle of this case is approved of in 1 *Phillip. Ev.* 43. *Saund. P. and E.* 947. 2 *Starkie's Ev.* 4 *pt.* 747. *Union Bank vs. Knapp,* 3 *Pickering,* 108. In the case of *Smith vs. Downs,* 6 *Conn.* 365, the court, after full investigation, decided that an honorary obligation will not render a witness incompetent. The case of *Skillinger vs. Belt,* 1 *Conn.* 147, cited as settling this question in *Connecticut,* has been misconceived. That case was not decided upon a question of honorary obligation, but it was a question of actual obligation, arising from a secret understanding of the parties. The witness was rejected on the ground that the release in question was a *sham business* made

for the occasion. It is decided in *Gilpin vs. Vincent*, 9 *Johns.* 219, that an honorary obligation goes to the credit of the witness only : the same principle is decided in the case of *Moore vs. Hitchcock*, 4 *Wend.* 292. The case of *Mc Veaugh vs. Goods*, 1 *Dall.* 62, and the case in 2 *Dall.* 50, *(Innis vs. Miller,)* were decided upon the authority of *Fotheringham vs. Greenwood*, but they 'were overruled by the case of *Long vs. Bailie*, 4 *Serg. and Raw.* 222, in which it is decided that an honorary obligation will not render a witness incompetent, and also that it is no objection to the competency of a witness, that he *believes* himself interested in the event of the suit, when in truth he is not so. A witness must be interested in the event of the suit at the time of taking the oath, to render him incompetent. *Ferns-ler vs. Carlin*, 3 *Serg. and Rawle.* 130. *Henry vs. Morgan & Cox*, 2 *Binney's*, 497. A witness is competent, though another swore he heard him say some years before, that he would be a great loser if the plaintiff miscarried in the suit. *Pollock vs. Gillespie, et al.* 2 *Yeates*, 129. In the case before the court, the witness did not pretend that he considered himself interested at the time of taking the oath, but it was long before, and before the release was given and made by the witness. The release in this case was no *sham business* made for the occasion; it was a *bona fide* transaction. The question under consideration has been decided in this State. The distinction between bias and interest is clearly recognised, and the question fully settled, that to render a witness incompetent to give evidence, he must have a legal, fixed interest, in the event of the suit, in which he is called to give testimony. *Peters vs. Beall*, 4 *Harr. and McHen.* 342. *Ringgold vs. Tyson*, 3 *Har. and Johns.* 178. If a witness become interested by his own act, to deprive the party calling him, of his testimony, he is, notwithstanding, a competent witness ; for the party has a right to his evidence, and cannot be deprived of it by the acts or opinions of the witness. *King vs. Fox*, 1 *Strange*, 652. *Bull. N. P.* 290. If the law was not as now contended for, an unwilling witness

might, and most probably would, deprive the party, in almost every instance, of the benefit of his testimony, by his own act, or by declaring or pretending that he was interested in the suit, or felt himself in honor bound to pay costs or some part of the judgment that might be recovered.

ARCHER, J., delivered the opinion of the court.

The question has been discussed, whether a witness's belief of his interest in a cause, when in truth he has no interest; or whether his being under an honorary obligation to pay, if the person for whom he testifies fails in the action, will render him incompetent. Upon this subject there has certainly been much diversity of opinion ; but the current of decision in modern times, both in *England* and the *United States*, has set against all objection to the admissibility of a witness, unless his interest be a legal interest. Notwithstanding the determination in 1 *Strange*, 127, and the views expressed in 1 *Hen. Black*, 307, the universally received opinion in *England*, at this day, is against such objection, as will be perceived by a reference to 1 *Phillips'* *Ev.* 40; 2 *Stark. Ev.* 746, *and* 2 *Saund. Plea. and Ev.* 560. These books are not cited as of authority in themselves, but as indicating that the opinions of men of science, at this day, in that country, are in favor of the modern decisions. In this country too, although there is considerable diversity of views, in the different States upon these subjects, the opinion, that the witness is admissible, appears to be gaining ground. In *Kentucky, Massachusetts,* and *Virginia,* the witness is excluded ; in *Vermont* he is admitted ; 2 *Tyler,* 273 ; and whatever views may at one time have been entertained in *Pennsylvania,* upon this subject, the rule is now definitively settled, as will appear by reference to 2 *Binney,* 497. 3 *Serg. and Rawle.* 130, *and* 4 *Ib.* 226, that the witness is competent. The same remarks may perhaps be also made in reference to the State of *New York,* 9 *Johns.* 220, 3 *Cowen,* 252. And in this State it was determined as long ago as the year 1799, by the General Court, in the

case of *Peters vs. Beall,* 4 *Harr. and McHen.* 342, that where evidence was offered to the court, to show the interest of a witness, if it appear to the court he is not interested, he shall be sworn, *although the witness himself should think he has an interest.* Upon principle, there can be no propriety in rejecting the witness, for if he believes he has an interest, all the bias arising from the existence of such a belief, it might reasonably be presumed, would be removed when he is informed by the court that his belief was unfounded, and that in truth he had no legal interest. But if a bias should, notwithstanding, remain, it ought to go to his credit, and not his competency, there being no other safe standard of exclusion, than the existence of a legal interest. If it were to be considered, that the true test, was the witness's belief, he might, notwithstanding a release, disbelieve in its efficacy to discharge him. Nor can there be any propriety in rejecting a witness, who feels himself under an honorary obligation to pay the debt; for it has been well observed, that it would savour of inconsistency to discard a witness as unworthy of belief, whose honor coerced him to pay money, which the law would not compel him to pay. The same feeling which would induce him to pay the money, would more strongly prompt him to speak the truth.

But the case before the court is not one in which the witness, when called to the stand, swears he believes he has an interest in the event of the suit, or that he is under an honorary obligation to pay, unless there should be a recovery against the party, against whom he is called to testify; but evidence is adduced to show, that the witness, attempted to be excluded, had four months before the trial of the cause, been heard to say, that he felt himself bound to pay the plaintiff the amount in litigation in that suit, if the plaintiff did not recover. It is clear he had no interest in the event of the suit, and if he had any, it had been formally released. This case then presents the question, whether the *mere declaration* of a witness, as to his obligations, can render him incompetent to testify, although the witness shall palpa-

bly have mistaken his legal obligations, or viewing the declarations of the witness, as referring to a mere honorary obligation, whether *such declarations*, will exclude him from testifying? Now, if these declarations, when made by the witness on the stand, under oath, would not, and ought not, to exclude him, a *fortiori*, his statements and declarations, not under oath, ought not to exclude him; and even, if at the trial, his belief of his legal or honorary obligations rendered him incompetent, it would not follow that his declarations of such obligations, anterior to the trial, would, or ought to have the same effect: for his notions of his obligations may have undergone a change between the time of the making of such declarations and the trial—and at the time of the trial his mind might be free from all bias, which such belief might be calculated to produce; besides, the establishment of such a principle, would seem to lead to consequences subversive of justice in many cases, for the doctrine assumes, as has been well observed, the truth of unsworn statements, and enables an unwilling witness, *ad libitum,* to deprive a party of his testimony. In conformity with these views, the cases of 5 *Massa.* 261, *and* 8 *Massa.* 487, were decided.

The court are aware of the case of *Colston vs. Nichols,* decided by the Court of Appeals, under its former organization, 1 *Harr. and Johns.* 105, in which the decision of the General Court, that evidence of unsworn declarations of a witness were inadmissible to impeach his competency, was overruled—but this court cannot accede to the doctrine, that the adduction of such evidence, although it might be calculated to affect the credit of the witness, went to his competency.

The first exception having been waived by the appellant's counsel, it does not become necessary for us to express any opinion upon it.

JUDGMENT AFFIRMED.